UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

**02-21473**

**CIV-KING**

MAGISTRATE JUDGE
O'SULLIVAN

ADVOCATING DISABILITY
RIGHTS, INC., a Florida not-for-
profit corporation, and CARLISLE
WILSON, Individually

        Plaintiffs,

vs.

GET WIRELESS, INC.,

        Defendants.

_____/

**COMPLAINT**
**(Temporary and Permanent Injunctive Relief Demanded)**

Plaintiffs, ADVOCATING DISABILITY RIGHTS, INC., a Florida not-for-profit corporation, and CARLISLE WILSON, Individually (sometimes jointly referred to herein as "Plaintiff") sue the defendant(s), GET WIRELESS, INC., (sometimes referred to as "Defendant") for Injunctive Relief, Attorneys' Fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq, ("ADA") and in support state:

1. Defendant, owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as and is located at: **3540 Coral Way, Miami, Florida.**

2. Defendant has discriminated and is discriminating against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities as described below by January 26, 1992 (or January 26, 1993 if defendant has 10 of fewer

**ORIGINAL
(RED INK)**

employees and gross receipts of $500,000 or less):

a.    Parking does not comply with the Americans with Disabilities Act
      Architectural Guidelines (ADAAG) Sec. 4.6.

b.    Accessible routes do not comply with ADAAG Sec. 4.3.

c.    Bathrooms do not comply with ADAAG § 4.16 - 4.19.

d.    The discriminatory violations described above are not an exclusive list of
      the Defendant's ADA violations.  Plaintiff requires an inspection of the
      Defendant's place of public accommodation in order to determine all of
      the discriminatory acts violating the ADA.

## JURISDICTION AND VENUE

3.    This action arises from a violation of Title III of the Americans With Disabilities
      Act, 42 U.S.C. § 12181, et seq, as more fully set forth herein.  This Court has
      original jurisdiction pursuant to 28 U.S.C. § and 28 U.S.C. § 1343.

4.    Venue lies in this district as the property which is the subject matter of this claim
      is located in this judicial district, and the Defendant is doing business in this
      judicial district.

## STATUTORY BACKGROUND

5.    On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990,
      establishing important civil rights for individuals with disabilities, including the
      right to full and equal enjoyment of the goods, services, facilities, privileges, and
      access to places of public accommodations.

6.    Pursuant to U.S.C. § 12182 and 28 CFR 36.201(a), no place of public

accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

7.    The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993, if the Defendant has ten (10) or fewer employees and gross receipts of $500,000.00 or less.  42U.S.C. 12181;28 CFR 36.508(a).

8.    Plaintiff, Carlisle Wilson, is a resident of Ft. Lauderdale in Broward County, Florida.  Plaintiff is disabled as defined by the ADA since his movements are restricted to a wheelchair.

9.    Plaintiff, Carlisle Wilson, is a founding member and officer of Advocating Disability Rights, Inc.,  ("ADR").  ADR's primary purpose is to seek enforcement and compliance of improved real property with the ADA in areas where its members live and travel since they have and/or want to avail themselves on such improved real property for services and goods which are available to the public at large but have been and are restricted to people, like Carlisle Wilson, with disabilities because of illegal architectural barriers.

10.   Plaintiff, Carlisle Wilson, became aware of Defendant's non-compliance of the ADA when he visited the Property on several occasions in 2001.  Plaintiff plans on returning to the subject property to avail himself of the goods and services being offered at the property.

11.   The barriers described herein have effectively denied and/or diminished Plaintiffs' ability to visit and/or use the property and have endangered Plaintiff's

safety and the safety of other disabled persons who also visit and/or may want to visit the property.   For example, because Defendant does not have proper disabled parking or pathways leading to the property, Plaintiffs and other disabled persons have an increased risk of injury by being hit by oncoming motorists.  Also, because the property does not have a ramp required and/or in compliance with the ADA, Plaintiffs and other disabled persons have an increased chance of bodily injury when entering and exiting the property.

12. Based on the above, the members of ADR, and other disabled persons have a realistic, credible, existing, and continuing threat of discrimination from Defendant's non-compliance of the ADA with respect to the property at issue as alleged above.

## THE PARTIES AND STANDING

13. Plaintiff, ADVOCATING DISABILITY RIGHTS, INC., is a non-profit Florida corporation.  The members of this organization include individuals with disabilities as defined by the ADA.  This organization's purpose is to represent its members interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.  Plaintiff, and its members, have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA.  ADVOCATING DISABILITY RIGHTS, INC., has also been discriminated against because of its association with its disabled members

and their claims.

14.     Plaintiff, CARLISLE WILSON, is a Florida resident, is sui juris and qualifies as an
individual with disabilities as defined by the ADA.

15.     Plaintiffs have reasonable grounds to believe that they are and will continue to
be subjected to discrimination in violation of the ADA by the Defendant.

## THE INSTANT CLAIM

16.     Defendant is required to remove architectural barriers to the physically disabled
when such removal is readily achievable for its place of public accommodation
that has existed prior to January 26, 1992, 28CFR § 36.304(a); in the alternative,
if there has been an alteration to Defendant's place of public accommodation
since January 26, 1992, then the Defendant is required to ensure to the
maximum extent feasible, that the altered portions of the facility are readily
accessible to and useable by individuals with disabilities, including individuals
who use wheelchairs, 28 CFR 36.402; and finally if the defendant's facility is one
which was designed and constructed for first occupancy subsequent to January
26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be
readily accessible to and useable by individuals with disabilities as defined by the
ADA.

17.     Appendix A to Part 36- Standards for Accessible Design (28CFR pt. 36, App. A)
sets out guidelines for accessibility for buildings and facilities.  These guidelines
are to be applied during design, construction and alteration of such buildings and
facilities to the extent required by regulations issued by Federal Agencies,

including the Department of Justice, under the ADA.

18.   Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodations or commercial facility in violation of 42 U.S.C. §12181 et seq., and 28 CFR § 36.302 et seq, as described herein.

19.   The correction of these violations of the ADA is readily achievable or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA.

20.   Plaintiffs have retained the undersigned counsel and are obligated to pay reasonable Attorneys' Fees including costs and expenses incurred in this action. Plaintiffs are entitled to recover these Attorney's Fees, costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR §36.505.

21.   Notice to Defendant is not required as a result of the Defendants failure to cure the violation by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000. or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

22.   Plaintiff's are without adequate remedy at law and are suffering irreparable harm.

23.   Pursuant to 42 U.S.C § 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility either temporary or permanently until such time as the defendant cures its violation of the ADA.

WHEREFORE, Plaintiff respectfully requests:

       a.      A temporary injunction and a permanent injunction providing for injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities tot he extent required by the ADA.

       b.      An award of Attorney's Fees, costs and litigation expense pursuant to 42 U.S.C. §12205.

       c.      Such other relief as the Court deems just and proper.

| | |
|---|---|
| THE LAW OFFICES OF WILLIAM D. TUCKER, P.A. | THE LAW OFFICES OF LAWRENCE J. MCGUINNESS, P.A. |
| Attorneys for Plaintiff | Suite 350 |
| 735 Northeast Third Avenue | 782 Le Jeune Road |
| Fort Lauderdale, FL   33304 | Miami, Florida  33126 |
| Tel.: 954.453.4500 | direct   305.461.9196 |
| Fax: 954.453.4507 | cell     305.479.3159 |
| | fax.:    305.445.5550 |

By:_____

     WILLIAM D. TUCKER, ESQ.
     Fla. Bar No. 865753

By:_____

     LAWRENCE J. MCGUINNESS, ESQ.
     Fla. Bar No. 814611

Z:\ADA\Get Wireless\initial pleadings.wpd

JS 44
(Rev. 12 96)

# CIVIL COVER SHEET

**02- 21473**

**CIV-KING**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

ADVOCATING DISABILITY RIGHTS, INC., A Florida not-for-profit corporation, and CARLISLE WILSON, Individually

## DEFENDANTS

GET WIRELESS, INC.,

MAGISTRATE JUDGE
O'SULLIVAN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **BROWARD**
(EXCEPT IN U.S. PLAINTIFF CASES)

William D. Tucker, 735 NE 3rd Ave., Ft. Lauderdale, FL 33304 954.453.4500 and

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **DADE**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES. USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME ADDRESS. AND TELEPHONE NUMBER)

Lawrence J. McGuinness, 782 Le Jeune Rd., Suite 350, Miami, FL 33126 305.461.9196.

ATTORNEYS (IF KNOWN)

Dade 1:02cv 21473 King/O'sullivan

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | B☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | B☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans Excl Veterans | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran s Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | ☐ 441 Voting | B☐ 510 Motions to vacate Sentence | ☐ 730 Labor Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 443 Housing/Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | B☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | | B☐ 550 Civil Rights | | | ☒ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. § 12181 (Americans with Disabilities Act of 1990) - Action for temporary & permanent injunctive relief, Attorneys fees & costs.

via _3_ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ fees&costs

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE
5.16.02

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 525236 AMOUNT 150 00 APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

MAY 15 2002